IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| Nutrien Ag Solutions, Inc.,<br><br>       Plaintiff,<br><br>  vs.<br><br>D. Gause Farms, LLC; and Daniel Gause, Individually and Doing Business as Daniel Gause Farms, LLC,<br><br>       Defendants. | **COMPLAINT**<br><br>Commercial Collection<br><br>(Non-Jury) |

Plaintiff, Nutrien Ag Solutions, Inc., complaining of Defendants, D. Gause Farms, LLC and Daniel Gause, individually and doing business as Daniel Gause Farms, LLC, alleges:

**JURISDICTION AND VENUE**

1. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with authority pursuant to S.C. Code § 33-15-101(b)(8) to transact business in South Carolina. Plaintiff's principal place of business is in Colorado.

2. Plaintiff is a provider of crop inputs and agricultural services for farmers.

3. Defendant D. Gause Farms, LLC, is a South Carolina limited liability company with its principal place of business in Florence County, South Carolina. Its sole member and controlling person is Daniel Gause.

4. Defendant Daniel Gause is a citizen and resident of Florence County, South Carolina, doing business sometimes as Daniel Gause Farms, LLC and as D. Gause Farms, LLC.

5. A substantial part of the events or omissions giving rise to this claim occurred in Florence County, South Carolina. Defendants regularly do business in Florence County. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

1

18125818

6.     The court has subject-matter jurisdiction over this case under 28 USC § 1332(a) inasmuch as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States.

7.     Venue is proper under 28 USC § 1391(b)(1) and (2) because Defendants have their principal place of business in this district and a substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

8.     Pursuant to 28 USC § 121(3), this action is properly assignable to the Florence Division of the United States District Court for the District of South Carolina.

9.     Defendant Gause is an experienced farmer, having farmed since 2018.

10.     For several years, Plaintiff and Defendants had a business relationship whereby Plaintiff provided services to Defendants and also sold them agricultural inputs such as seed, fertilizer, soil supplements, insecticide, fungicide, and herbicide.

## FOR A FIRST CLAIM FOR RELIEF
(Suit on Account)

11.     All paragraphs above are incorporated by reference.

12.     On December 7, 2023, Defendants executed and delivered to Plaintiff a Credit Application – Credit Agreement (the "Credit Agreement") wherein they agreed to certain terms for the credit sale of fertilizer, chemicals, seed and related products and services from Plaintiff on credit on an open account. Defendant Daniel Gause signed the Credit Agreement both as president of Daniel Gause Farms LLC (which is another name for D. Gause Farms, LLC) and as guarantor of the obligations created by the credit agreement.  A copy of the Credit Agreement is attached as **Exhibit A** and incorporated herein by reference**.**

13.     The Credit Application – Credit Agreement (Retail) further provides in its first paragraph that the parties' business relationship would also be governed by an Approval Letter

2

18125818

(the "Approval Letter"). The Approval Letter is dated January 16, 2024, and is attached as **Exhibit B**.

14.     The Credit Application – Credit Agreement (Retail) further provides in ¶ 22 that the parties' business relationship would also be governed by invoices for specific purchases made. A typical invoice showing the terms of purchases is attached as **Exhibit C**.

15.     As a result, Defendants established two accounts with  Plaintiff, a Nutrien Trade Account (also known as a "Retail Account" (ending ***9575)) and a Nutrien Supplier Account (ending ***3607).

16.     Defendants bought goods and services on credit pursuant to the Credit Agreement and to the terms and conditions stated on invoices issued for specific purchases and on the terms stated on monthly account statements. A typical Monthly Account Statement is attached as **Exhibit D**. The terms set forth in the Credit Agreement, the Approval Letter, the Invoices, the Monthly Account Statements, and Defendant Gause's guaranty are referred to collectively as the "Agreement."

17.     Under the terms of the Agreement, Defendants promised to pay in full for all credit sale purchases applied to the accounts, along with accumulated finance charges, fees and expenses due under the Agreement as stated on each invoice.

18.     Under the terms of the Agreement, Defendants also agreed that any invoice not paid in full on or before the due date would be assessed a finance charge of 1.5% per month (18% APR).

19.     Under the terms of the Agreement, certain purchases would be charged to, or transferred to, the Supplier Account. If Defendants failed to honor the terms of repayment for the Supplier Account, Nutrien was authorized to move those charges back to the Retail Account (whose payment terms were not as favorable to Defendants).

18125818

20. Defendants also agreed that their failure to make any payment to Plaintiff as and when due would constitute a default under the Agreement. Defendants also agreed that upon default, Plaintiff would be entitled to declare all credit obligations immediately due and payable without presentment, demand, or notice of nonperformance, notice of protest, notice of dishonor, or notice of intent to accelerate. Defendants further agreed to pay all reasonable costs and expenses of every kind incurred by Plaintiff in connection with the collection of Defendants' credit obligations to Plaintiff, including without limitation, reasonable attorneys' fees and court costs.

21. Based on the Agreement, Plaintiff extended credit to Defendants.

22. Defendants purchased goods and services from Plaintiff as shown on the AR Ledger for the Retail Account (attached as **Exhibit E**) and as shown on the AR Ledger for the Supplier Account (attached as **Exhibit F**).

23. Defendants failed to pay for their purchases and charges, thereby breaching their terms; and Plaintiff, as appropriate, moved charges made to the Supplier Account over to the Retail Account.

24. Plaintiff closed Defendants' Supplier Account on May 30, 2025, moving the balance of that account (a credit balance) to the Retail Account, such that following the closing of that account, Defendants owed $109,340.44 on the Retail Account.

25. Defendants thereafter incurred additional charges to the Retail Account and incurred finance charges as shown on the AR Ledger for the Retail Account.

26. In October 2026, Plaintiff changed its accounting system. The day before the change (that is, on September 30, 2025), Defendants owed $185,073.66.

27. Plaintiff thereafter tracked charges to the Retail Account as shown on **Exhibit G**. As the court can see, Line 25 shows the balance due on October 2, 2025 as $185,073.66. Finance

4

18125818

charges incurred after that date through Febnruary 28, 2026, are shown on lines 26 – 100 of **Exhibit G**.

28.    Defendants have breached the terms and conditions of the Agreement, and Plaintiff has declared all of Defendants' credit obligations to be immediately due and payable.

29.    There is due on Defendants' account the sum of One Hundred Ninety-six Three Hundred Five and 02/100 ($196,305.02) Dollars as of February 28, 2026, plus reasonable attorneys' fees and costs of collection. A verified statement of account (in the form of the Unsworn Declaration of Jeff Cochran Under Penalty of Perjury) is attached hereto as **Exhibit H** and made a part hereof by reference.

30.    Plaintiff is informed and believes it is entitled to judgment against Defendants jointly and severally in the sum of One Hundred Ninety-six Three Hundred Five and 02/100 ($196,305.02) Dollars as of February 28, 2026, plus reasonable attorneys' fees and costs of collection.

**FOR A SECOND CLAIM FOR RELIEF**
(Quantum Meruit)

25.    Paragraphs 1 – 10 are incorporated herein by reference.

26.    Defendants purchased goods and services from Plaintiff for their use, enjoyment, benefit, business, and financial gain.

27.    Defendants enjoyed and recognized the benefit of their purchases in their farming operation.

28.    The value of those goods and services is $196,305.02.

29.    Defendants should not be allowed to retain that benefit after failing to pay for those purchases.

18125818

30.    Plaintiff is informed and believes it is entitled to judgment against Defendants jointly and severally in the sum of One Hundred Ninety-six Three Hundred Five and 02/100 ($196,305.02) Dollars as of February 28, 2026, with pre-judgment interest accruing at the federal rate, plus court costs.

WHEREFORE Plaintiff prays for judgment against Defendants jointly and severally under the First Claim for Relief in the sum of in the sum of One Hundred Ninety-six Three Hundred Five and 02/100 ($196,305.02) Dollars as of February 28, 2026, plus reasonable attorneys' fees and costs of collection; and, in the alternative,

Plaintiff prays for judgment against Defendants jointly and severally under the Second Claim for Relief in the sum of One Hundred Ninety-six Three Hundred Five and 02/100 ($196,305.02) Dollars as of February 28, 2026, with pre-judgment interest accruing at the federal rate, plus court costs; and in either event,

Plaintiff prays for such other and further relief as is just and proper.

*s/ Robert P. Wood*
Robert P. Wood (Fed Ct ID #4738)
Rogers Townsend, LLC
1221 Main Street, 14th Floor (29201)
Post Office Box 100200
Columbia, SC 29210
(803) 771-7900
Robert.Wood@RogersTownsend.com

ATTORNEYS FOR PLAINTIFF

April 20, 2026

6

18125818